UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| SMART SKINS LLC, | CASE NO. C15-544 MJP |
| Plaintiffs, | ORDER SETTING TRIAL DATE AND RELATED DATES |
| v. | |
| MICROSOFT CORPORATION | |
| Defendant. | |

| | |
|---|---|
| JURY TRIAL DATE: 7-10 DAY | 9/26/2016 |
| Disclosure of asserted claims and infringement contentions due | 6/29/2015 |
| Deadline for joining additional parties | 7/13/2015 |
| Deadline for amended pleadings | 7/22/2015 |
| Non-infringement and invalidity contentions due | 7/27/2015 |
| Proposed terms and claim elements for construction exchanged | 8/17/2015 |
| Preliminary claim construction and extrinsic evidence exchanged | 9/15/2015 |

| | | |
|---|---|---|
| 1 | Exchange opening expert reports on claim construction issues (including any authenticating declaration) | 9/29/2015 |
| 2 | Exchange rebuttal expert reports on claim construction issues (including any authenticating declaration) | 10/13/2015 |
| 3 | Joint claim construction and prehearing statement | 10/30/2015 |
| 4 | Completion of claim construction discovery | 11/30/2015 |
| 5 | Opening claim construction brief due (24 pages per side) | 12/14/2015 |
| 6 | Responsive claim construction brief due (24 pages per side) | 12/28/2015 |
| 7 | Markman Hearing | 1/8/2016 at 9:00 a.m. |
| 8 | Defendant advice of counsel disclosures | 1/15/2016 |
| 9 | Reports from expert witnesses under FRCP 26(a)(2) due | 2/16/2016 |
| 10 | Rebuttal expert reports due | 2/29/2016 |
| 11 | All motions related to discovery must be filed by | 3/30/2016 |
| 12 | Discovery completed by | 4/29/2016 |
| 13 | All dispositive motions must be filed by and noted on the motion calendar on the fourth Friday thereafter **Counsel are reminded of the requirement to provide courtesy copies of any motions with exhibits or other attachments exceeding 50 pages. Compliance with this requirement will facilitate timely consideration of your motion.** | 5/31/2016 |
| 14 | All motions in limine must be filed by and noted on the motion calendar no earlier than the third Friday thereafter and no later than the Friday before the pretrial conference | 8/22/2016 |

ORDER SETTING TRIAL DATE AND RELATED DATES- 2

| Agreed pretrial order due | 9/14/2016 |
|---|---|
| Trial briefs, proposed voir dire questions, proposed jury instructions due | 9/14/2016 |
| Pretrial conference | 9/16/2016 at 1:30 PM |

These dates are set at the direction of the Court after reviewing the joint status report and discovery plan submitted by the parties. All other dates are specified in the Local Civil Rules. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day. These are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause.

If the <u>Markman</u> hearing or trial date assigned to this matter creates an irreconcilable conflict, counsel must notify Rhonda Miller, the Deputy Clerk, at 206-370-8518 within 10 days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

**CLAIM CONSTRUCTION PROCEDURES**

The following procedures shall apply to all patent claim construction issues:

<u>Asserted Claims and Preliminary Infringement Contentions</u>

A party claiming patent infringement will serve on all parties a statement of the Asserted Claims and Preliminary Infringement Contentions, which will include the following information: (1) the identity of each claim of each patent alleged to be infringed; (2) the identity of the opposing party's accused device/method/etc. by specific name/model number/etc. for each claim asserted; (3) a chart that identifies specifically where each element of each asserted claim is

found within each accused device/method/etc.; (4) an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement; (5) whether each element is literally or equivalently infringed; and (6) the priority date to which each asserted claim allegedly is entitled, if priority is an issue.

### Preliminary Invalidity Contentions

A party opposing a claim of infringement on the basis of invalidity shall serve on all parties a statement of its Preliminary Invalidity Contentions including: (1) a chart stating whether the party admits that the element is present in the Accused Device or contends that it is absent from the Accused Device; (2) the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. (3) whether each item of prior art anticipates or renders obvious the asserted claims; (4) a chart that identifies where in each item of prior art each element of each asserted claim is found; and for each element that such party contends is governed by 35 U.S.C. § 112, (5) the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function.

### Expert Reports

If the parties wish to present expert testimony at the claim construction hearing, the parties will disclose expert reports related to claim construction by the date established in the Scheduling Order. Rebuttal expert reports will be exchanged 20 days later. These dates do not affect the more general expert report deadlines included in this Scheduling Order.

### Proposed Terms and Claim Elements and Preliminary Claim Chart

At some point prior to the formulation of the preliminary claim chart, the parties will exchange a list of Proposed Terms and Claim Elements, which will include each term that each party contends the Court should construe. Each party will also identify any claim element that it

contends should be governed by 35 U.S.C. § 112(6). The parties will then meet to identify terms in genuine dispute and facilitate the preparation of the Joint Claim Chart.

The parties will then exchange preliminary proposed constructions for each disputed claim term that the parties have collectively identified. Each party will also provide a preliminary identification of any extrinsic evidence, along with a copy of it, as well as a brief description of any witness' proposed testimony that supports its construction of the claim. The parties will then meet to narrow the issues and finalize the Joint Claim Chart and Prehearing Statement.

<u>Joint Claim Chart and Prehearing Statement</u>

All allegations of infringement and invalidity will be filed with the Court in the form of a Prehearing Statement. After that time, the Court will not consider new allegations of infringement or invalidity without the asserting party showing good cause. A Joint Claim Chart will also be filed, in the format provided in the Sample Joint Claim Chart found at the end of this Order.

This Chart will include each party's proposed construction of disputed terms, together with specific references to the relevant portions of the specification and the prosecution history, and descriptions of the extrinsic evidence to be used. The parties will attach to the Joint Claim Chart copies of all patents in dispute, together with the relevant prosecution history. These documents need not be resubmitted upon briefing. The parties will have the complete prosecution history available at the Court's request. In addition, the parties will indicate whether any witnesses are to be called, and if so, their identities. For expert witnesses, the party calling the expert will provide a summary of the opinion to be offered.

The Court expects the terms to be truly in dispute, and further expects that the preparation of the Preliminary and Joint Claim Charts will narrow the terms in dispute. A party is not

allowed to propose a construction when the other party is unable to respond without leave of court (e.g., in a Response Brief).

If a party must propose a new construction, the Joint Claim Chart must be amended to reflect that change. At the time of the Hearing, the Joint Claim Chart before the Court must reflect the current proposed constructions.

### Tutorial and Claim Construction Hearing

The Court or the parties can request that the Court have a tutorial on the subject matter of the patent(s) at issue prior to the hearing. In those instances, the Court will schedule a tutorial to occur two to four weeks prior to the hearing. The parties, in consultation with the Court, will jointly agree to the format of the tutorial, including a summary and explanation of the subject matter at issue. The length of the tutorial will depend upon the subject matter. Visual aids and suggestions for reading material are encouraged.

The claim construction hearing will be set for one full trial day (5 hours). If more or less time is required, the parties are instructed to inform Rhonda Miller, at 206−370−8518.

PLEASE NOTE: The Court will _not_ rule on dispositive motions that raise issues of claim construction prior to the hearing, unless special circumstances warrant and leave of the Court is obtained in advance of filing.

### Cooperation

As required by CR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are further directed to cooperate in preparing the Joint Claim Chart and final pretrial order in the format required by CR 16.1, except as ordered below.

## Exhibits

The original and one copy of any exhibits to be used at the Markman hearing and/or trial are to be delivered to chambers five days before the hearing date and/or trial date. Each exhibit shall be clearly marked. Exhibit tags are available in the Clerk's Office. The Court hereby alters the CR 16.1 procedure for numbering exhibits: plaintiff's exhibits shall be numbered consecutively beginning with 1; defendant's exhibits shall be numbered consecutively beginning with the next number series not used by plaintiff. Duplicate documents shall not be listed twice: once a party has identified an exhibit in the pretrial order, any party may use it. Each set of exhibits shall be submitted in individual file folders with appropriately numbered tabs.

## Settlement

Should this case settle, counsel shall notify Rhonda Miller as soon as possible at 206−370−8518. Pursuant to GR 3(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

Dated this 12th day of June, 2015.

Marsha J. Pechman
United States District Judge

**Sample Joint Claim Chart**

| Claim Language (Disputed Terms in **Bold**)<br><br>'123 Patent | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| 1. A method for mending **fences**<br><br>[or]<br><br>**fences**<br><br>Found in claim numbers:<br><br>'123 Patent: y, z<br>'456 Patent: a, b | **fence**<br><br>Proposed Construction:<br>A structure that keeps things out.<br><br>Dictionary/Treatise Definitions:<br>Merriam-Webster Dictionary ("a barrier intended to prevent . . . intrusion").<br><br>Intrinsic Evidence:<br>'123 Patent col _:__ ("keeps stray animals out"); Prosecution History at __ ("this method is more effective than the prior art in reinforcing the fence, and therefore in keeping out unwanted intruders").<br><br>Extrinsic Evidence:<br>R. Frost Depo. at xx:xx ("Good fences make good neighbors"); '000 Patent at col _:__; Vila Decl. at ¶__. | **fence**<br><br>Proposed Construction:<br>A structure that keeps things in.<br><br>Dictionary/Treatise Definitions:<br>Random House Dictionary ("a barrier enclosing or bordering a field, yard, etc.").<br><br>Intrinsic Evidence:<br>'123 Patent col _:__ ("keeps young children from leaving the yard"); Prosecution History at __ ("dilapidated fences meant to pen in cattle are particularly amenable to this method").<br><br>Extrinsic Evidence:<br>C. Porter Depo. at xx:xx ("Don't fence me in"); '111 Patent at col _:__; Thomas Decl. at ¶__. |

(or similar format that provides side-by-side comparison)